*483 MEMORANDUM by the court.
The question for decision is the meaning of section 286, Revised Statutes, which provides for the fixing of the date of the wrecking or loss of a vessel by the accounting officers of the Treasury “ under the direction of the Secretary of the Navy,” the answer to the question turning upon the meaning of the phrase just quoted. The IT. S. S. Conestoga left San Francisco for Pearl Harbor, Hawaii, en route to Samoa, March 25,1921, and was never heard of afterwards, although search for her was exhaustively made. On July 5 the Secretary of the Navy officially notified the Bureau of Navigation that the vessel was considered to have been lost with all on board, was accordingly detached from duty as station tug, Samoa, “ and will be considered as placed out of - commission and stricken from the Navy list as of June 30,1921.” Plaintiff’s intestate was a pharmacist’s mate, first class, in the Navy, serving on said vessel, and the claim is for pay and allowances until June 30, 1921, the date stated in the Secretary’s order. The Comptroller General, following the ruling of the comptroller in 26 Comp. Dec., 336, relative to the loss of the U. S. S. Cyclops, held that section 286 does not contemplate action by the administrative officer in fixing the day of loss as conclusive upon the accounting officers, but does contemplate the presenting of facts to these officers “ with the request or direction to act.” In accordance with this ruling the date of the loss of the Conestoga was fixed’, by the accounting officers as of April 30 and not as of June 30.
Sections 286 and 287 are taken from the act of July 4,. 1864, 13 Stat. 389, entitled “An act for the relief of seamen and others borne on the books of vessels wrecked or lost in the naval service.” It is manifest that but for the act the-
*484 accounts referred to in it could not be settled because necessary facts would not appear. A very important fact is the date of the wrecking or loss of the vessel. If the date be known, there is no difficulty, but if the vessel disappear as the Conestoga, did, how is the fact and date of loss to be ascertained ? The accounting officers already had authority to settle accounts, but they could not arbitrarily fix dates, and where it became necessary that the date of a loss which was unknown be fixed, for the purpose stated, it is also necessary for the statute to prescribe a method by which this could be done. They are accordingly, by section 286, “ authorized, under direction of the Secretary of the Navy ” (in settling accounts of seamen and others borne on the books of a vessel the date of whose loss or destruction is not known), “ to fix a day when such wreck, destruction, or loss shall be deemed and taken to have occurred.” This day being fixed, the settlement can proceed, but, as already said, a date is essential. The language used in the statute that the date is to be fixed “ under the direction of the Secretary of the Navy ” is not surplusage or meaningless (see Warner Valley Stock Co. v. Smith, 165 U. S. 28, 34). The information as to the loss and the date of it should come from the source best qualified to furnish it. The Secretary of the Navy through those connected with the Navy Department is in position to know the status of naval vessels. The date of loss is to be fixed under his direction. Nor does this detract from the general powers of the accounting officers.
By the act of March 3, 1885, 23 Stat. 350, they were authorized to ascertain and determine the value of private property belonging to officers and enlisted men lost or destroyed in the military service in the circumstances stated in the act, and it provides that the Secretary of War shall decide what articles of personal property are reasonable, useful, necessary, and proper for the soldier while in quarters engaged in the public service in the line of duty. The duty thus imposed upon the Secretary of War must be performed before the accounting officers can perform their duties under the act, and his action is controlling. See New-comber case, 51 C. Cls 408, 424. It would not be contended that under the act of 1885 the accounting officers can ignore *485 the Secretary’s finding. Similarly the statute applicable to the instant case provides for action by the Secretary of the Navy. The Navy Regulations prescribe the duties of a captain whose vessel is lost; they also define the duties of the Bureau of Navigation, to which are addressed communications, among others, referring to the movements of ships and “ to their condition,” and this bureau is required to keep a record of service of all fleets, squadrons, ships, officers, and men, as well as to establish the complement of all ships in commission. The Secretary’s letter, addressed to this bureau and declaring the date when the Conestoga, went out of commission because of its loss, is controlling as to the fact, and the records are accordingly kept. It would be unreasonable to hold that the date of loss is conclusive on the department or bureau directly affected, but that the accounting officers can deduce a different conclusion based largely upon their estimate of the time the vessel may have been afloat after its departure from San Francisco.
In view of the report of the Assistant Comptroller that if the date should be June 30 instead of April 30 the state of the account would entitle plaintiff to a judgment, we think judgment for the amount stated in the court’s conclusion ($201.60) should be awarded.