The averments of the petition are stated in the opinion.
Campbell, Chief Justice,
delivered the opinion of the court:
This case is before the court upon the demurrer to the petition, filed in behalf of J ames E. King and others, being the same persons who were named as defendants in the condemnation proceeding to be presently mentioned. The plaintiffs were the owners of a tract of land containing about 126 acres described in the petition and located at Camp Knox, in Kentucky. It is averred that on April 16, 1919, a petition was filed in the United States District Court for the Western District of Kentucky for the condemnation of this land and the ascertainment of the just compensation to which the owners were entitled. In this condemnation proceeding the amount of compensation was determined to be $10,014.87, for which amount judgment was rendered against the United States and the amount was paid to the plaintiffs. Alleging that the condemnation was sought “ under the act of July 2, 1917, as amended by the act of April 11, 1918, 40 St-at. 241, 518,” the petition charges that the proceeding was void and the court without jurisdiction, because the act of July 2, 1917, was repealed by a later enactment, the material part of *327 which is set forth in paragraph 3 of the petition. It is alleged that under “the void act ” of July 2, 1917, a judgment was entered on June 18,1921.
This act of July 2; 1917, was amended and its provisions extended by the act of April 11, 1918, 40 Stat. 518, and it was further amended by the Army appropriation act of July 9, 1918, 40 Stat. 845, 848. The last-named act confers in terms jurisdiction of the authorized condemnation proceedings upon the United States district court of the district in which the lands sought to be condemned are located. The conclusion that ,the act of July 2, 1917, was repealed is not sustained when the acts relied upon as effecting this result are examined. The one principally relied upon and quoted in the petition is the act of July 11,1919, making appropriation for the support of the Army, 41 Stat. 104,128. But the effect of this act is not as plaintiffs allege it to be. It provides that no part of the appropriations made in the act nor any unexpended balances theretofore made for the support of the Military Establishment should be expended for the purchase of real estate or for the construction of Army camps, with stated exceptions, but this withdrawal of available appropriation does not effect a repeal of the earlier enactment, notwithstanding it might delay payment for lands actually condemned. And that this was the congressional intention is made plain by the amendatory act of August 12, 1919, 41 Stat. 278, explaining the act of July. 11, 1919, and ,the further amendment of February 28, 1920, 41 Stat. 453. In the last-named act provision is made for. the use of appropriations and unexpended balances in payment for lands at Camp Knox, Kentucky, where the lands of plaintiffs were. Until the appropriations or unexpended balances became effective, the condemnation proceedings would no doubt be delayed, but the authority to condemn is to be found in the earlier act already mentioned and not.in the act of February 28, 1920, as contended by plaintiffs. The District Court for the Western District of Kentucky had jurisdiction, and its judgment is binding upon this court, as well as upon the plaintiffs, they being defendants in that court. “ The judgment of condemnation in this case was rendered by a competent court, charged with a special statu *328 tory jurisdiction-, and all the facts necessary to the exercise of this jurisdiction are shown to exist. A judgment thus obtained is no more subject to impeachment in a collateral proceeding than the judgment of any other, court of exclusive jurisdiction.” Secombe v. Railroad Company, 23 Wall. 108, 119. See Southern Pac. R. R. v. United, States, 168 U. S. 1, 48; Weisberger case, 54 C. Cls. 1; Oklahoma v. Texas, 256 U. S. 70, 85.
The plaintiffs contend, however, that the act of July 2, 1917, only authorized condemnation proceedings during what they term “ war-time emergency.” To the contrary, there is an extension of authority granted because the act suspends the provisions of section 355, Revised Statutes, when the property is acquired “ during the period of the existing emergency.” The petition shows that the United States took possession of the land on or about August 1, 1918, which was certainly during the existing emergency. It seems, however, that the act authorizes immediate possession to be taken upon the filing of a petition for condemnation, and the allegation is that the petition to condemn was not filed until April, 1919. If, therefore, it be conceded that there was an absence of legal authority to take possession of the property in August, 1918, the concession would not aid plaintiffs. Because, in the first place, the ascertainment of the time of the taking and the value of the property at that time were questions clearly within the issues in the condemnation proceeding and the court’s judgment therein is conclusive upon this court (cases supra), and in the second place, if the taking possession was without proper authority or legal warrant, it would not give rise to an action in the Court of Claims, whose jurisdiction does not extend to cases sounding in tort. See North Ann. Tramp. Co. case, 253 U. S. 330, 333; Hijo case, 194 U. S. 315, 323. As already indicated, the suspension of the provisions of sec. 355, Revised Statutes, by the act of July 2, 1917, where property should be acquired “ during the present emergency,” did not limit the right to proceed by condemnation, whether during or after the “ emergency.” Plaintiffs’ attorney with great industry has developed the contention that the “ emergency ” had ended when the petition to condemn was filed in April, 1919. We *329 need not decide that * question, for reasons already given. These reasons apply not only to the lands entered upon in August, 1918, if the entry was unauthorized, but also to the alleged taking of personal property and its removal from the premises “ between August 1, 1918, and May 1, 1919.” This court is without jurisdiction in cases sounding in tort, and besides, if the entry was authorized in August, 1918, the claim now asserted is barred by the statute of limitations of six years, which is “ not merely a statute of limitations but also jurisdictional in its nature and limiting the cases of which the Court of Claims can take cognizance.” Wardwell case, 172 U. S. 48, 52.
The demurrer should be sustained and the petition dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.