Graham, Judge,
delivered the opinion of the court:
Under what theory the plaintiff concluded that this court had jurisdiction in this case does not clearly appear. It will be necessary to recite some of the facts.
In a county in the State of Texas one Jimmie Stovall and J. A. Pust were discovered in possession of an automobile, a search of which developed that it contained a large quantity of distilled spirits, and they were arrested and the spirits seized. The search was made by deputy marshals, and the warrant under which they were held recites a violation of both the national prohibition act and the tariff act.. *587 It appears that they were transporting the spirits, and also that they were in possession of untaxed spirits. This being true, proceedings under section 607 of the tariff act, 42 Stat. 985, would have been legal, and no proceedings to sell had been taken under the national prohibition act. See United States v. One Ford Coupe, 272 U. S. 321. If their possession was in transportation, then the proceedings would be under section 26 of the national prohibition act, which is applicable “ only to a person discovered in the act of transporting intoxicating liquor in violation of law.” United States v. One Ford Coupe, supra. The automobile was seized, and held by the United States marshal. On the 31st of December, 1925, the plaintiff requested the collector for that district to send him blank bonds to be used in proceedings under section 608 of the tariff act, 42 Stat. 985, which the collector did. Thereafter, a grand jury having refused to indict under the warrant of arrest, the district attorney filed an information apparently under both the tariff and the national prohibition acts. One part of it alleges unlawful possession of distilled spirits, and another part alleges unlawful transportation of the spirits. Under this information, on arraignment the said Jimmie Stovall in open court pleaded guilty as charged, and on January 16, 1926, was fined $25.00, which was paid on January 18, and he was thereupon released from imprisonment. The distilled spirits were ordered “ reconfiscated and destroyed.” The district attorney took no steps towards condemnation of the automobile and here the proceedings in court ended. This failure to proceed to a condemnation was at the time known to plaintiff.
Thereafter, apparently early in March, 1926, the collector of internal revenue advertised the automobile for sale under section 608 of the tariff act, 42 Stat. 985. The plaintiff, apparently familiar with the provisions of this act, prepared the said bond previously sent him at his request, in the sum of $250.00, with sureties, and claims to have delivered it to the inspector before whom he claims to have qualified the sureties. It does not satisfactorily appear that he did either. The act required qualifications for sureties before the col *588 lector and gave no authority to the inspector to accept qualifications. What became of the bond does not appear, except that it never reached the collector. Had it reached the collector, under the statute, it would have been his duty, after satisfying himself as to the sureties, “ to have transmitted the claim and the bond with a duplicate list and description of the articles seized to the United States district attorney,” whose duty it would have been, as required by statute, to have proceeded to a condemnation of the property; and in these proceedings the plaintiff could have intervened and could have had his claim passed upon. It does not appear that plaintiff made any effort before the sale to ascertain whether his bond had been received by the collector, and on the day of sale plaintiff appeared and bid for and became the purchaser of the automobile, and, without protest, paid the sale price to the collector.
It will be seen that if he had been diligent and had seen that his bond was filed with the collector, the statute provided a procedure and a forum for a hearing in court on the merits of his claim. He did not do this, and the collector had no authority to pay him out of the purchase money or to pass upon the legality of his claim, and did what the law required when he transmitted the fund to the Secretary of the Treasury. The plaintiff still had a remedy and three months from date of sale (section 613, 42 Stat. 986) within which to assert it, namely, to petition the Secretary of the Treasury for a remission of the forfeiture so far as his claim was concerned upon presenting satisfactory evidence of the justice of his claim. He waited for more than six months before presenting his claim, and after his day in court had passed. The Secretary replied to his claim that he had no authority to give him any relief after the expiration of the said three months, at the end of which time he was required after settlement of costs and other things to turn the balance of the fund into the Treasury.
It will also be seen that under the provisions of the national prohibition act, 42 Stat. 315, 316, in the information proceeding by the district attorney the plaintiff might *589 have insisted upon the district attorney taking the condemnation proceedings required by that act, and could have intervened and had the validity of his claim passed upon. He did not do this. Why the district attorney did not proceed to a condemnation of the car after the conviction of Jimmie Stovall does not appear. It is very evident that the plaintiff is in his present plight by reason of his own negligence and inattention to his interests in the matter of filing a bond and in the matter of seeking relief before the Secretary of the Treasury provided he had a just claim, and it might well be held that having acquiesced in the proceedings under the sale and purchased the automobile, he would be estopped from questioning its legality. If it was an illegal sale he acquired no title to the automobile purchased and his action, if for recovery of the money paid, would be against the collector.
But however this may be, both the national prohibition act and the tariff act, in the matter of sales and forfeitures of property seized, provide the detailed procedure and a specified forum for determining questions arising out of the sale and for the protection of those claiming an interest. And while we are disposed to the opinion that the sale under section 607 of the tariff act by the collector was valid, as the facts show possession of untaxed spirits, still it is unnecessary to pass upon this question. Under either of the acts he had a remedy and forum, and it was there that he should have sought the needed relief. The said proceedings under the tariff act were “ judicial proceedings.” United States v. One Ford Coupe, supra, p. 329. It is not the province of this court to pass upon or consider the regularity or validity of the proceedings under either of those acts. It clearly has no jurisdiction to determine this case. King v. United States, 64 C. Cls. 325; United States Bedding Co. v. United States, 55 C. Cls. 459; Philadelphia Boiler Works v. United States, decided by this court March 18, 1929 [ante, p. 311] ; Cheatham et al. v. United States, 92 U. S. 85, 88; Snyder v. Marks, 109 U. S. 189, 193, and cases cited; see also Medbury case, 173 U. S. 492, 498; Shook, Administratrix, v. United States, 61 C. Cls. 816, 820; *590 Wilder Manufacturing Co. v. Corn Products Co., 236 U. S. 165, 174, 175; and United States v. Babcock, 250 U. S. 328, 331, and cases cited.
The petition should be dismissed, and it is so ordered.
SiNNOtt, Judge; GeeeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.