ONE FORD TOURING CAR et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1922.)

No. 5988.

Internal revenue ☞46—Forfeiture of vehicles used in transportation.

   The provision of Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of any vehicle used in the removal or concealment of a taxable commodity, "with intent to defraud the United States of such tax," is not applicable to the removal or concealment of intoxicating liquor manufactured since the National Prohibition Act became effective.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Libel by the United States against one Ford touring car; the Shoemaker-Bale Auto Company intervening and Paul Elam claimant. Judgment of forfeiture, and claimant and intervenor bring error. Reversed.

Lewis Rhoton, of Little Rock, Ark., for plaintiffs in error.

Charles F. Cole, U. S. Atty., of Batesville, Ark., June P. Wooten, Sp. Asst. U. S. Atty., of Little Rock, Ark., and W. A. Utley, Asst. U. S. Atty., of Benton, Ark.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. The question for decision upon the record in this cause is whether or not the Ford touring car described in the libel filed by the district attorney should be proceeded against under section 3450 of the Revised Statutes (Comp. St. § 6352), or under section 26 of the National Prohibition Act (41 Stat. 305).

The car was seized by a deputy collector of internal revenue in January, 1921, while being used by one Paul Elam in the transportation of 10 gallons of intoxicating liquor. The district attorney proceeded under section 3450.

The Shoemaker-Bale Auto Company intervened in the action, claiming that it was the owner of the car, and that the use of the car by Elam for the transportation of intoxicating liquor was without its knowledge or consent, and prayed for the relief provided in section 26 of the National Prohibition Act.

It is alleged in the libel filed by the district attorney that the automobile at the time it was seized by the deputy collector of Internal Revenue—

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"contained a keg containing 10 gallons of intoxicating liquor upon which the tax then and there due the government of the United States had not been paid, which said liquor was then and there being transported, deposited and concealed in violation of section 3450 of the Revised Statutes of the United States, and with the intent and purpose on the part of the owners of said car and the occupants thereof to defraud the United States out of said tax."

Counsel for plaintiff in error in his brief says:

"The real question, as we see it, is whether or not section 3450 of the Revised Statutes of the United States has been absolutely repealed and superseded by the Eighteenth Amendment to the Constitution of the United States, and by the Volstead Act, and, if it has not been completely repealed and superseded, has it not, by said amendment and the National Prohibition Act, been repealed and superseded in so far as an innocent owner is concerned?"

Counsel for the government in their brief say:

"Both parties agree that the only question now before the court is whether section 3450, R. S., has been repealed or superseded by the adoption of the Eighteenth Amendment and the National Prohibition Act, especially when an innocent owner of a vehicle is concerned."

These statements of counsel are not altogether accurate. The real question, under the authorities cited below, is whether section 3450 has any application to the removal, deposit, or concealment of intoxicating liquor manufactured or distilled since the National Prohibition Act became effective.

In order for section 3450 to be applicable, there must be a tax due the United States on the intoxicating liquor, and the transportation—or removal, to use the language of the statute—by means of the conveyance seized must be with intent to defraud the United States of such tax. Lipke v. Lederer, 258 U. S. ——, 42 Sup. Ct. 549, 66 L. Ed. ——, decided June 5, 1922; Ketchum v. United States (C. C. A.) 270 Fed. 416; Lewis v. United States (C. C. A.) 280 Fed. 5.

Counsel for the government have not pointed out any specific tax or referred to any specific section of the revenue laws to which it is claimed the allegation of the libel above quoted applies. In their brief they do say that:

"The Act of Congress approved February 24, 1919 (40 Stat. 1105), imposed a tax on distilled spirits."

And they add:

"Section 35, title, 2, N. P. A., provides: This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor.' * * *"

As a conclusion they say:

"It follows, then, that distilled spirits are still 'a commodity in respect whereof a tax is imposed,' in the language of Rev. St. § 3450, which is a revenue statute, designed to guard against frauds upon the revenue."

The contention that intoxicating liquors are still "a commodity in respect whereof a tax may be imposed" was disposed of by the Supreme Court in Lipke v. Lederer, supra. After quoting section 35 of the National Prohibition Act, and having in mind the provision of the section relied upon by government counsel, the court said:

"The mere use of the word 'tax' in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid. Bailey v. Drexel Furniture Co. (May 15, 1922). When by its very nature the imposition is a penalty, it must be so regarded. Helwig v. United States, 188 U. S. 605, 613. Evidence of crime (section 29) is essential to assessment under section 35. It lacks all the ordinary characteristics of a tax, whose primary function 'is to provide for the support of the government' and clearly involves the idea of punishment for infraction of the law—the definite function of a penalty. O'Sullivan v. Felix, 233 U. S. 318, 324."

The result was, as stated by the court, that:

"The collector demanded payment of a penalty, and section 3224, which prohibits suits to restrain assessment or collection of any tax, is without application."

In the present case the district attorney claims a tax to be due under the Act of February 24, 1919 (40 Stat. 1150), when in fact a penalty has been incurred under section 35 of the National Prohibition Act. Section 3450 is without application. The applicable statute is section 26 of the National Prohibition Act.

The judgment is reversed, and the court below directed to proceed in accordance with this opinion.