## UNITED STATES v. DEUTSCH.

(District Court, D. New Jersey. January 30, 1925.)

**Intoxicating liquors ⊂⇒246—Right to forfeiture of vehicle used in transportation stated.**

A person arrested for unlawful transportation of liquor was using a leased automobile. No claim was made that there was any tax due on the liquor. Held, that Rev. St. § 3450 (Comp. St. § 6352), had no application, but the question of forfeiture of the car was governed by National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), and it being shown that the unlawful use was not known to the owner and was in violation of the terms of the lease that it was not subject to forfeiture.

Criminal prosecution by the United States against Morris Deutsch. On motion of the Auto Security Company, Inc., which gave bond for release of automobile for discharge of such bond. Granted.

Lum, Tamblyn & Colyer, of Newark, N. J., for movant.

LYNCH, District Judge. Morris Deutsch, while operating a Davis touring car, was arrested for unlawfully transporting intoxicating liquor, to which offense he subsequently pleaded guilty and paid a fine of $250. The Davis touring car, which was seized at the time of the arrest, was in Deutsch's possession under a written lease which contained, among other things, the following provisions:

"And it is further provided that in case said party of the second part shall fail to pay the rent as herein set forth or shall remove or attempt to remove the said leased property from the limits of Pennsylvania county without the consent of said party of the first part * * * or shall fail to perform any of the covenants herein specified for him to perform, then in either case the party of the first part shall have the right to take immediate possession of said property wherever they may find the same, in which case and in any proceeding with or without the recourse of law to obtain possession of said leased property as aforesaid, said party of the second part waives and releases any and all claims and rights to bring any action or actions whatever against the party of the first part or their duly constituted agent or agents."

"The leased automobile shall not be used for any unlawful purpose or business and if so used or about to be used may be seized by the lessor without notice to the lessee."

The Auto Security Company, Inc., owner and lessor, which filed a bond in the sum of $2,870, and obtained the release of the car, now seeks a cancellation of the bond. This cancellation is opposed, the government contending that, by virtue of the provisions of section 3450 of the Revised Statutes (Comp. St. § 6352), the automobile must be forfeited. The owner replies that section 3450 does not apply to this situation, in view of certain provisions of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

The district attorney argues that the case of Goldsmith v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376, is "squarely in point with the case at bar." A reading of that case reveals that the court upheld the seizure of property under section 3450 in proper proceedings, but it did not consider whether that section conflicted with anything in the Volstead Act. The court therefore cannot agree that the case is "squarely in point." The "point" this court now has for determination was not even referred to.

There are, however, some cases in which courts have considered and passed upon the very question here involved.

The first is that of Reed v. Thurmond, 269 F. 252 (C. C. A. Fourth Circuit), the syllabus of which is as follows:

"The Volstead Act, prohibiting the manufacture and sale of intoxicating liquors, was a radical departure from the policy of the former laws to derive revenue therefrom, and completely covers the same subject-matter, including the transportation of such liquors, so that it impliedly repealed Rev. St. § 3296 (Comp. St. § 6038), which imposed on the removal from a distillery of liquors on which the tax had not been paid a penalty more severe than was imposed by the Volstead Act on the illegal transportation of liquor."

Next we find the case of United States v. One Haynes Automobile, 274 F. 926 (C. C. A. Fifth Circuit), the syllabus of which is as follows:

"Since the enactment of the National Prohibition Act, a suit cannot be maintained under Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of a vehicle as having been used to remove and conceal distilled spirits whereon a double tax has been imposed under said Prohibition Act, with intent to defraud the United States of such tax."

In this case Circuit Judge King concluded as follows:

"It is evident that the tax, which it is claimed has not been paid, is the double tax and penalty directed by section 35 of the Volstead Act. Any manufacture, sale, or transportation of liquor for nonbeverage purposes, to be legal, must be under a permit as provided by the Volstead Act. The transportation of the liquor is clearly one which, if illegal, would violate the Volstead Act, and would subject the vehicle to forfeiture according to the provision of that Act. It is not, therefore, to be assumed that Congress intended to provide for the forfeiture of vehicles under section 26 of the Volstead Act, with its provisions for preserving the rights of third persons, and still leave them subject to be forfeited under the more drastic provisions of Revised Statutes, § 3450."

The next is the case of Lewis v. United States, 280 F. 5 (C. C. A. Sixth Circuit), the syllabus being as follows:

"Rev. St. § 3450 (Comp. St. § 6352), providing for the forfeiture of any conveyance used in removing or concealing any goods in respect whereof any tax shall be imposed, with intent to defraud the United States, is

impliedly repealed, so far as vehicles used in transporting or concealing intoxicating liquor manufactured and intended for beverage purposes are concerned, by National Prohibition Act, § 26, providing for the condemnation of vehicles so used, and section 35 repealing inconsistent acts."

Circuit Judge Denison, after reviewing the two prior cases just referred to, said:

"In view of the consensus of opinion in all the Circuit Courts of Appeal which have passed upon the question, and in view of the inherent strength of the argument, we should be inclined to say that the underlying duty to pay the old tax did not so persist, after the Volstead Act became effective, as to furnish the necessary basis for an intent to defraud by not paying it."

In the Lewis Case a Buick automobile was seized by a deputy collector of internal revenue while it was being used for concealing and removing whisky upon which the internal revenue tax had not been paid.

The Lewis Case was followed by the case of One Ford Touring Car et al. v. United States, 284 F. 823 (C. C. A. Eighth Circuit). In this case the Ford touring car was seized by a deputy collector while being used by one Elam in the transportation of ten gallons of intoxicating liquor. The owner of the car (Shoemaker-Bale Auto Company) intervened and prayed for the relief provided in section 26 of the National Prohibition Act, but the district attorney urged the applicability of section 3450 of the Revised Statutes. The court, after reviewing the cases, held that the applicable statute was section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm). In the instant case there is no suggestion by anybody that any tax is due and payable by virtue of revenue laws or otherwise.

Section 26 of the National Prohibition Act is as follows:

"Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized."

This court will adopt the view of the four different upper courts which have considered the question and hold that section 26 applies to the instant situation.

The facts presented indicate that the third party, the Auto Security Company, Inc., had no knowledge of or participation in the unlawful transportation by Deutsch, who took the car outside of the limits of Pennsylvania county without consent and who also used it for an unlawful purpose or business, and thereby, in at least two respects, violated the terms of his lease. The owner having shown good cause, it follows that the automobile should not be sold at public auction.

The prayer of the petitioner will be granted.