# UNITED STATES *v.* ONE FORD COUPE AUTOMOBILE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
FIFTH CIRCUIT.

No. 115.   Argued December 9, 1925; reargued October 19, 20, 1926.—Decided November 22, 1926.

1. Where property declared by a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized.   P. 325.
2. An automobile, seized while being used for the purpose of depositing or concealing tax-unpaid illicit liquors with intent to defraud the United States of the taxes imposed thereon, is forfeitable under Rev. Stats. § 3450, and the interests of innocent persons in the vehicle are thereby divested.   P. 325.
3. Intoxicating liquor, though made for beverage purposes in violation of the National Prohibition Act, is subject to tax.   Supplementary Prohibition Act of Nov. 23, 1921, considered, and Revenue Act of 1921.   P. 326.

23468°—27——21

4. The basic tax of $2.20 per gallon imposed by the Revenue Acts on liquor illegally produced is not to be treated as a penalty, but is a tax within the meaning of Rev. Stats. § 3450, and being unpaid makes that section applicable, even if the additional amounts imposed by the Acts were deemed penalties.　P. 328.

5. There is no constitutional objection to enforcing a penalty by forfeiture of an offending article.　P. 329.

6. In a forfeiture proceeding, on certiorari to a judgment quashing the libel on motion of a claimant, the allegations in the claim will not be considered.　The allegations of the libel are accepted as true.　P. 329.

7. Under Rev. Stats. § 3450, if the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealing the liquor suffices, even if the offender obtained it, not from a distillery, bonded warehouse or importer, but from a stranger.　P. 329.

8. Rev. Stats. § 3450, providing that: "Whenever any goods . . . in respect whereof any tax is or shall be imposed . . . are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax . . .; [every] . . . conveyance whatsoever, . . . used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited," is not in conflict with or superseded by § 26 of Title II of the National Prohibition Act, which provides for the seizure and forfeiture, in certain cases, of vehicles used in illegally transporting intoxicating liquors but saves the interests of innocent persons.　P. 330.

9. In view of § 5 of the Supplemental Prohibition Act, an implied repeal by that Act or the National Prohibition Act, of Rev. Stats. § 3450, could not result from mere inconsistency but must rest upon a direct conflict.　P. 331.

10. Section 26, Title II, of the National Prohibition Act, in its relation to the forfeiture of vehicles, applies only to cases incident to the prosecution of persons transporting liquor in violation of that Act, and does not protect innocent persons whose vehicles are forfeited under Rev. Stats. § 3450.　P. 332.

11. Section 26, *supra,* applies only where a person is discovered in the act of transporting intoxicating liquor in violation of law.　P. 333.

4 F. (2d) 528, reversed.

Libel to forfeit an automobile under Rev. Stats. § 3450, on the ground of use with intent to defraud the United

States of the tax on distilled spirits found therein, by depositing and concealing the liquor. The Garth Motor Company intervened as claimant. A judgment of the District Court quashing the libel was affirmed by the Circuit Court of Appeals. Certiorari was granted, 268 U. S. 687.

*Assistant Attorney General Willebrandt,* for the United States, on the original argument, *Solicitor General Mitchell* for the United States on the reargument. *Mr. Mahlon D. Kiefer,* Special Assistant to the Attorney General, was also on the briefs.

*Mr. Duane R. Dills,* with whom *Messrs. William S. Pritchard, John W. Creekmur, Phillip W. Haberman,* and *Frank H. Towsley* were on the brief, for the claimant.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is a proceeding, commenced in the federal court for Northern Alabama, under Revised Statutes of the United States, § 3450, to forfeit an automobile "said to belong to Garth Motor Company," on the ground that it was being used with intent to defraud the United States of the tax on distilled spirits found therein by depositing and concealing the liquor.[1] The libel, which was filed in September, 1923, recites that it is "a case of seizure on land under the internal revenue laws of the United States." The company intervened as claimant and moved to quash the libel. It also filed a claim by which it asserted title to the automobile and denied

---

[1] " Whenever any goods . . . in respect whereof any tax is or shall be imposed . . . are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax . . ; [every] . . . conveyance whatsoever, . . . used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. . . ."

knowledge or notice, prior to seizure, that the automobile was being used or was to be used in any illegal manner. No action was ever taken on the claim. The motion to quash was allowed; and upon that motion alone the District Court entered judgment dismissing the libel. The judgment was affirmed by the Circuit Court of Appeals for the Fifth Circuit, 4 F. (2d) 528. The case is here on writ of certiorari, 268 U. S. 687.

The libel alleges that on August 11, 1923, the federal prohibition director for Alabama had seized the automobile in the possession of one Killian being used by him "for the purpose of depositing and concealing certain illicit distilled spirits" on which "the taxes imposed by law had not been paid" with "intent . . . to defraud the United States of such taxes"; alleges that the automobile is forfeit under § 3450; and prays relief thereunder. To the libel is attached, and made part thereof, a complaint, dated August 13, 1923, by a federal prohibition agent. In that complaint, the affiant charged, with specification, only that Killian unlawfully had there in his possession 27 quarts of rye whisky, in violation of § 29 of Title II of the National Prohibition Act, October 28, 1919, c. 85, 41 Stat. 305, 316; and he prayed that Killian "may be apprehended and further dealt with according to law." The complaint made no reference to removal or transportation of liquor; nor to the use of a vehicle for such purpose; nor to any seizure; nor to § 26 of the Prohibition Act. It did not even mention an automobile or other vehicle. Nor did the libel state that a warrant issued on the complaint; or that Killian had been arrested or in any way prosecuted for any alleged violation of the Prohibition Act; or that his whereabouts was known.

The sole question for decision is, whether an automobile, which was seized by a prohibition agent, may be forfeited under § 3450 if it was being used for the purpose

of depositing or concealing tax-unpaid illicit liquors with the intent to defraud the United States of the taxes imposed thereon. Obviously, the mere fact that the seizure of the automobile had been made by the prohibition director (instead of by an internal revenue officer) does not preclude the possibility of a proceeding to forfeit under § 3450. It is settled that where property declared by a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized. *The Caledonian*, 4 Wheat. 100, 101; *Taylor* v. *United States*, 3 How. 197, 205. See *United States* v. *One Studebaker Seven-Passenger Sedan*, 4 F. (2d) 534.

The serious question presented is whether there is such a direct conflict between the National Prohibition Act, and particularly § 26 of Title II thereof, and § 3450 of the Revised Statutes, as to render the latter section inoperative and unavailable to the Government, where the vehicle was being used for the purpose of depositing and concealing illicitly distilled liquors under the circumstances set forth in the libel. On this question there has been much difference of opinion in the lower courts.[2] If a forfeiture may be had under § 3450 for such use of a vehicle to evade a tax on illicitly distilled liquor, the interests of innocent persons in the vehicle are not saved. If § 26 is the only applicable provision for forfeiture of the car, the interests of those who are innocent are not forfeited. The claimant contends, on several grounds,

---

[2] See *Commercial Credit Co.* v. *United States*, 5 F. (2d) 1, and cases there cited. Also *United States* v. *Milestone*, 6 F. (2d) 481; *United States* v. *One Reo Truck Automobile*, 9 F. (2d) 529; *National Bond & Investment Co.* v. *United States*, 8 F. (2d) 942; *United States* v. *One Marmon Automobile*, 5 F. (2d) 113; *United States* v. *One Ford Automobile*, (U. S. D. C., E. & W. D., Tenn.) Feb. 27, 1925.

that § 3450 was not applicable and that the libel was properly dismissed.

*First.* The claimant contends that, at the time of the seizure, the law did not impose any tax upon liquor illicitly made. Congress has power to tax such liquor. *United States* v. *Yuginovich,* 256 U. S. 450, 462; *United States* v. *Stafoff,* 260 U. S. 477, 480. By Rev. Stats. § 3248, the tax attaches to distilled spirits " as soon as it is in existence as such," *United States Fidelity & Guaranty Co.* v. *United States,* 220 Fed. 592; and upon its production the tax becomes a first lien thereon. *United States* v. *Ulrici,* 111 U. S. 38, 42. The Revenue Act of 1918, February 24, 1919, c. 18, § 600, 40 Stat. 1057, 1105, lays the tax " on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States." The provision in § 600b of the Act, concerning liquor which could not during the period of war-prohibition be lawfully sold or removed, did not remit the tax; it merely deferred the time for payment. It is clear that, before the enactment of the National Prohibition Act, it imposed the basic production tax upon all distilled spirits, although illicitly made.[3]

The continued existence of taxes upon illicit liquor is indicated in § 35 of the National Prohibition Act (p. 317), which provides: " This Act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor." That Congress in enacting that law would intentionally have exempted illicit liquor from taxation is not likely. Moreover, we are not dealing with the construction of the law as enacted in 1919. The Willis-Campbell Act, November 23, 1921, c. 134, § 5, 42 Stat. 222, 223, sup-

---

[3] See also Rev. Stat. § 3251; Acts of March 3, 1875, c. 127 § 1, 18 Stat. 339; August 27, 1894, c. 348, § 48, 28 Stat. 509, 563; October 3, 1917, c. 63, § 300, 40 Stat. 300, 308.

plemental thereto, continued in force or reënacted, by express provision, all laws in regard to the taxation of intoxicating liquor not directly in conflict with the prohibitory legislation.   Furthermore, the Revenue Act of 1921, November 23, 1921, c. 136, § 600, 42 Stat. 227, 285, enacted on the same day, shows that Congress had no intention then of relieving liquor from taxation merely because illegally dealt with.   For it provided specifically that if distilled spirits, tax-paid for non-beverage purposes, be diverted to beverage purposes, an additional tax of $4.20 per gallon must be paid, although under the law such diversion could not be made legally.

The claimant argues that it could not have been the intention of Congress to impose the tax, because it had become very difficult, if not impossible, to pay the tax. The claimant points to the fact that the payment of the tax contemplated by the revenue laws existing at the time of the passage of the National Prohibition Act was by means of tax-paid stamps to be affixed when liquor was withdrawn from the distillery or bonded warehouse, after complying with the minutely prescribed proceedings incident to its manufacture and custody, set forth in *Taney* v. *Penn Bank,* 232 U. S. 174, 181–184; that, since the National Prohibition Act, there has been no way in which the tax could be so paid on intoxicating liquor made for beverage purposes; that stamps are no longer obtainable and no officer is authorized to receive payment.   These supervening obstacles to paying the tax do not, however, establish that the intention was not to continue it in force.   A law which imposes a tax on intoxicating liquor, whether legally or illegally made, is not in conflict with another law which prohibits the making of any such liquor.   Compare *United States* v. *Stafoff,* 260 U. S. 477; *Vigliotti* v. *Pennsylvania,* 258 U. S. 403.   There is no direct conflict between any provision of the prohibitory legislation and the imposition of the tax here in question.

*Second.* The claimant contends that the so-called tax on illicitly distilled spirits theretofore imposed ceased to be a tax and became in law a penalty, when the enactment of the National Prohibition Act changed the purpose of the tax from raising revenue to preventing manufacture, sale, and transportation; and that to enforce such penalty by forfeiture of the property rights of innocent third parties would be a denial of due process of law. It is true that the use of the word " tax " in imposing a financial burden does not prove conclusively that the burden imposed is a tax; and that when it appears from its very nature that the imposition prescribed is a penalty solely, it must be treated in law as such. But the imposition here in question is not of that character. A tax on intoxicating liquor does not cease to be such because the sovereign has declared that none shall be manufactured, and because the main purpose in retaining the tax is to make law-breaking less profitable. What was sought to be enforced and held to be a penalty in *Lipke* v. *Lederer*, 259 U. S. 557, 561, was the so-called double tax. Here, we are dealing with the basic production tax.

With respect to the character of the impositions called taxes there is nothing in either the Revenue Acts or the Prohibition Act which makes any distinction between the product of legal and illegal distillation. The Acts left in effect the basic tax of $2.20 per gallon, which was and is a true tax on the product, whether legally or illegally distilled, and added to it the additional amounts in case of illegal distillation or diversion to illegal uses. These additional amounts also are called taxes by Congress, and were understood by it to be such. Whether they were intrinsically penalties and should be treated as such we need not determine. The basic tax of $2.20 a gallon on liquor illegally produced is not imposed because of illegality, but despite of it. It is a tax within the meaning of § 3450; and being unpaid makes that

section applicable, even if the additional amounts imposed by the Acts be deemed penalties.   Moreover, there is no constitutional objection to enforcing a penalty by forfeiture of an offending article.   *Lipke* v. *Lederer* holds merely that the enforcement of a penalty by an administrative official without giving notice and an opportunity to defend is a denial of due process.   A proceeding under § 3450 is a judicial proceeding in which the claimant is accorded fully the right to litigate.   A claim was filed in this case; but that is not now before us.   Instead of asking for a hearing thereon, the claimant chose to move to quash the libel.   If the judgment dismissing the libel is set aside, a hearing on the merits of the libel and of the claim may still be had.   But we may not consider now allegations in the claim.

*Third.*   The claimant contends that a proceeding under § 3450 will not lie to forfeit a vehicle, unless it was being used to remove the tax-unpaid article from the place where the tax was required by law to be paid, that is, the place of manufacture or of importation, or a bonded warehouse.   This narrow meaning of the word "remove" is urged upon us, as contrasted with the broad term "transport" employed in § 26.   We have no occasion to determine the exact scope, in this connection, of the term "remove."   The libel makes no reference to removal.   It charges only that the automobile was being used to deposit or conceal.

Under § 3450, it is not essential that the offender must have been either the manufacturer or importer of the liquor or a person directly associated with him.   The Government may look for payment also to the liquor itself and to whoever has possession of it.   Nor does the language of § 3450, or its history, indicate that Congress intended to limit the proceeding under that section to cases where the vehicle was used for deposit or concealment as part of the illegal act of removal, or to make it

applicable only where the article concealed had been unlawfully removed from the place where the tax should have been paid. If the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealment satisfies the requirement of § 3450, even if it appears that the offender obtained it, not from a distillery, bonded warehouse or importer, but from a stranger.

It is argued that Killian's purpose cannot have been to evade the tax; that it was only to violate the Prohibition Act. The place from which the removal is made, and the special relation to the manufacturer or importer of him who used the vehicle, are of evidential significance only. Knowledge that liquor was illicitly distilled may tend to prove knowledge that it was tax-unpaid. Removal or concealment of the liquor with such knowledge may tend to prove an intention to deprive the United States of the tax due thereon. But with these questions we have no concern now. The case is here on review of a judgment of dismissal upon a motion to quash. Therefore we must accept as true the allegations of the libel.

*Fourth.* The claimant contends that § 3450, in so far as it applied to intoxicating liquor, was superseded by § 26 of the National Prohibition Act. There was no repeal in terms. There cannot be held to have been a repeal by implication, unless § 3450 is in direct conflict with some provision of the National Prohibition Act or of the supplemental act. For Congress has declared in § 5 of the Willis-Campbell Act that, in ascertaining its intention in this connection the standard of mere inconsistency, which had been applied in *United States* v. *Yuginovich,* 256 U. S. 450, shall not prevail.

The two statutes cover different ground. Different purposes underlay their enactment. Section 3450, extending to every taxed article, seeks to enforce the obli-

gation to pay the tax by subjecting to forfeiture also articles used in the attempt to evade such payment. The purpose of § 26 is to prevent the manufacture, sale or transportation of intoxicating liquor. *Carroll* v. *United States,* 267 U. S. 132, 154–155, 157. It is true that many acts punishable under § 3450 are punishable also under § 26. But many are not. Thus § 3450 applies to a vehicle, whether used for removal, deposit, or concealment, and even although the vehicle is not in motion and movement was never contemplated; § 26 applies only to a vehicle used in transporting contrary to law. Section 3450 may apply although a permit was obtained to transport the liquor; § 26 cannot. On the other hand § 3450, as applied to liquor, relates only to that on which taxes have not been paid; § 26 applies whether taxes have been paid or not. It is clear that the mere existence of two provisions penalizing acts which are part of the same transaction does not prove direct conflict between them. Nor does the difference in purpose which underlay their enactment.

In the absence of conflict resulting from differences in the scope and purposes of the statutes, the claim of implied repeal must rest upon essential conflict incident to the prescribed methods of their operation. None such has been shown. Direct conflict is not established by showing merely differences in details of procedure. That some other mode of disposition must now take the place of the requirement in § 3450 for the sale of the seized liquor is not sufficient to establish a conflict of the provisions as applied to a seized vehicle. To establish an implied repeal there must, under the legislative mandate, be shown some necessary contradiction so extreme as to justify this Court in finding it impossible to permit the Government the choice between the two remedies where the facts bring the offense within the provisions of both statutes. Such a contradiction is said to exist, because

under § 3450 the vehicle is the offender and must be forfeited if there is a guilty intent on the part of him who used it, whereas under § 26 a person is the offender and the forfeiture of the vehicle extends only to the interests of those who share in his guilt by having notice that it was to be used for the illegal purpose; that under § 3450 the vehicle may be forfeited although no person is convicted of the offense involved or is even prosecuted, whereas under § 26 there can be no forfeiture unless there has been a conviction of one discovered in the act of transportation in violation of law. But it is not true that these differences show direct conflict. The provisions for forfeiture of the vehicle and for arrest of the transporter are both incidental to the main purpose of § 26 of reaching and destroying the forbidden liquor in process of transportation. *Carroll v. United States*, 267 U. S. 132, 155. The contradiction urged relates only to the nature of the incidental penalty and the effect of its imposition. It is clearly possible to apply to a particular state of facts either one or the other remedy, and to give to the Government the choice. To hold that where the tax-unpaid spirits were illegally distilled, there could be forfeiture of the vehicle only under § 26 while in case of tax-unpaid legally distilled liquor the vehicle could be forfeited under § 3450, would involve holding that where the crime of tax-evasion is preceded by the offense of illegal distillation, a less severe forfeiture is inflicted than if tax evasion alone were involved.

*Fifth.* The claimant contends that § 26 has modified § 3450, as applied to intoxicating liquors, so as to deny a forfeiture of the interest in the vehicle of one who had no guilty knowledge that it was to be used for an illegal purpose. That there was no such protection of the innocent interest prior to the National Prohibition Act is conceded. *Goldsmith, Jr.-Grant Co.* v. *United States*, 254 U. S. 505. That since the Willis-Campbell Act, Congress

has not intended to restrict any remedy theretofore given in aid of the revenue laws is clear. The argument that by § 26 Congress manifested the intention to protect generally innocent interests is unfounded. The section is narrow in scope. The protection accorded is stated explicitly. It does not apply generally to violations of the Prohibition Act, nor to the violation of any provision of the revenue laws. It applies solely to cases of forfeiture incident to the prosecution, as therein provided, of a person transporting liquor by a vehicle in violation of the Prohibition Act.

The suggestion is made that in this view of § 3450 there may be a forfeiture where a stranger has surreptitiously deposited or concealed the liquor in the vehicle while in the possession and use of the owner, or has obtained possession of the vehicle by theft and then made such use of it. But we are not here concerned with such a state of facts and therefore may dismiss the suggestion by repeating what was said of like possibilities pressed on our attention in the *Goldsmith, Jr.-Grant Company* case (p. 512): "Whether the indicated possibilities under the law are justified we are not called upon to consider. It has been in existence since 1866, and has not yet received such amplitude of application. When such application shall be made it will be time enough to pronounce upon it. And we also reserve opinion as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent."

*Sixth.* The claimant contends that, as applied to intoxicating liquors, § 3450 and § 26 are alternative remedies; and may not be employed cumulatively. Section 26 commands that, when a person is discovered in the act of transporting, by means of a vehicle, intoxicating liquors in violation of the law, the officer shall take possession of the vehicle, and shall arrest the person in charge thereof; that the person shall be proceeded against for

the violation; that, pending the proceeding against him, the vehicle shall be surrendered to the owner upon giving bond to return it to the custody of the officer on the day of the trial to abide the judgment of the court; that, in case of conviction of the person, the vehicle shall be sold under conditions and in a manner prescribed; that the proceeds remaining after paying the expenses shall be paid over to the lienors innocent of wrong-doing; and that, unless and except so far as there are such lienors or others entitled thereto, the net proceeds shall be paid into the Treasury of the United States. The claimant insists not only that the Government must elect between § 26 and § 3450, but that the commencement of proceedings under § 26 bars a resort to § 3450.

The case at bar does not present any conceivable question of cumulative remedies or of election. While the second sentence in § 26 uses the words " transported or possessed," the context makes it very plain that the possession intended is possession in transportation.[4] Hence that section is applicable only if a person is discovered in the act of transporting intoxicating liquor in violation of law. There is no allegation in the libel that the automobile had been so discovered or was being so used. There is no allegation that Killian, who had possession of the automobile, has ever been prosecuted. It appears that a complaint was made but not that a warrant was issued; or that he was arrested; or even that he was found. The

---

[4] The words of the section are: " Sec. 26. When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the *act of transporting* in violation of the law, intoxicating liquors *in any wagon, buggy, automobile, water or air craft, or other vehicle,* it shall be 'his duty to seize any and all intoxicating liquors found therein *being transported* contrary to law. Whenever intoxicating liquors *transported or possessed* illegally shall be seized by an officer he shall *take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance,* and shall arrest any person *in charge thereof. . . ."* (Italics ours.)

motion to quash must be determined on the showing in the libel.

*Reversed.*

MR. JUSTICE STONE, concurring.

I agree that the Willis-Campbell Act requires § 3450 of the Revised Statutes and § 26 of the National Prohibition law to be so construed as to stand together in so far as they are not in direct conflict. I agree also that there conceivably may be a deposit or concealment of illicit liquor in an automobile with intent to defraud the United States of the tax upon it, which is not transportation within the meaning of § 26 and to that extent the two sections are not in conflict. But I cannot subscribe to those expressions in the opinion which seem to suggest that the two sections are not in direct conflict, in a case where there is transportation of liquor in a vehicle in violation of the National Prohibition law with intent to defraud the United States of the tax. In that case § 26, it seems to me, plainly directs that the seizure shall be made and proceedings for forfeiture of the seized vehicle had under that section. In that event § 26 saves the interest of the innocent owner or lienor from the forfeiture required by § 3450. It appears to me that the conflict in such a case is direct and that § 26 by its terms is controlling.

MR. JUSTICE BUTLER, dissenting.

1. No tax, as distinguished from penalty, is imposed on the manufacture, sale or transportation of intoxicating liquor for beverage purposes.

The Eighteenth Amendment by its own force invalidated all laws which in any manner sanctioned the manufacture, sale or transportation of such liquor. *National Prohibition Cases,* 253 U. S. 350, 386. And it empowered Congress to pass appropriate legislation to enforce the prohibition. The manufacturer of intoxicating liquor

for medicinal or other non-beverage purposes may be authorized or encouraged; but an attempt so to deal with liquor for beverage purposes would be a plain violation of the Amendment.

If Congress has any power to impose a tax, as distinguished from a penalty, on the production of beverage liquor forbidden by the Constitution, its purpose so to do must be disclosed unmistakably by language that is not susceptible of any other meaning. All exactions now imposed on such manufacture should be held to be penalties to enforce prohibition. The question whether the exactions called taxes were in fact penalties was not involved in *United States* v. *Yuginovich*, 256 U. S. 450 462, or in *United States* v. *Stafoff*, 260 U. S. 477. When reading and applying the legislation here in question, it should be borne in mind that it is the duty of Congress to impose penalties to enforce the prohibition of beverage liquor, and that Congress has undertaken vigorously to discharge that duty.

The libel for condemnation of the automobile does not refer to the statute under which the so-called tax is claimed, and does not state the amount demanded. But the Government relies on § 600(a) of the Revenue Act of 1918, approved February 24, 1919, c. 18, 40 Stat. 1057, 1105. This provision was enacted before the War Prohibition Act, the Eighteenth Amendment and the National Prohibition Act took effect. The language is:

"That there shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, . . . in lieu of the internal-revenue taxes now imposed thereon by law, a tax of $2.20 (or, if *withdrawn* for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon, . . . to be paid by the distiller or importer *when withdrawn*, and collected under the provisions of existing law."

And, after National Prohibition became effective, that provision was amended by § 600 of the Revenue Act of 1921, c. 121, 42 Stat. 227, 285, which added:

"Provided, That on all distilled spirits on which tax is paid at the *nonbeverage rate of $2.20* per proof gallon and which are *diverted* to beverage purposes . . . there shall be levied and collected *an additional tax of $4.20* on each proof gallon, . . . to be paid by the person responsible for such diversion."

The Government contends that, within the meaning of § .3450, $2.20 per gallon is a true tax on all liquor whether legally or illegally distilled. And, as to the imposition made by § 600 of the Act of 1921, it rightly says that the so-called *additional tax* of $4.20 on each proof gallon *diverted* to beverage purposes is a penalty. Clearly, it is an imposition by way of punishment to enforce prohibition.

The $6.40 exaction per gallon specified in § 600(a) of the Act of 1918 cannot be claimed as the liquor was not "withdrawn" for beverage, or at all. That exaction was imposed before National Prohibition. It applied to all distilled spirits then in bond, or that had been or thereafter might be, produced or imported into the United States—with exceptions not here material. But when the Eighteenth Amendment and the National Prohibition Act became effective, the production of beverage liquor was prohibited. Intoxicating liquors cannot be "withdrawn for beverage purposes." The whole charge of $6.40 per gallon was held to be a penalty and not a tax in *Regal Drug Co.* v. *Wardell,* 260 U. S. 386, 389, 392.

But it is said that the continued existence of taxes, as distinguished from penalties, on liquor for beverage purposes is indicated by § 35 of the National Prohibition Act. The meaning of the sentence on which the majority relies will be more clear when other provisions there found are called to attention. The section pro-

vides: "All provisions of law that are inconsistent with this Act are repealed only to the extent of such inconsistency and the regulations . herein provided for the *manufacture or traffic* in intoxicating liquor shall be construed as in addition to existing laws." Manifestly, these "regulations." apply only to nonbeverage liquor because the manufacture, sale or transportation of beverage liquor is forbidden by the Constitution. The section proceeds: "This Act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor." This is the sentence relied on. That the "taxes" there mentioned relate to nonbeverage liquor is apparent from the sentence immediately following. "No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a *tax* shall be assessed against, and collected from, the *person responsible* for such illegal manufacture or sale in double the amount now provided by law [meaning that imposed on liquor lawfully made] with an *additional penalty* of $500 on retail dealers and $1,000 on manufacturers. The payment of such *tax* or *penalty* shall give no right to engage in the manufacture or sale of such liquor, or relieve anyone from criminal liability, nor shall this Act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws." As to nonbeverage liquor legally made, the tax is upon *production*. That is the only "tax." The further exaction is a special imposition to enforce prohibition. As to beverage liquor, the so-called *double tax* together with the *additional penalty* of $500 or $1,000, as the case may be, is upon the *person responsible*. It is a punishment by penalty in a sum equal to double the tax plus the specified "additional penalties." The amount cannot be paid as a tax. The liability attaches only on commission of crime—"illegal manufacture or sale."

In *Lipke* v. *Lederer*, 259 U. S. 557, it was held that these exactions are penalties. The Court said (561–562): " The mere use of the word ' tax ' in an act primarily designed to define and suppress. crime is not enough to show that within the true intendment of the term a tax was laid. *Child Labor Tax Case, ante,* 20. When by its very nature the imposition is a penalty, it must be so regarded. *Helwig* v. *United States,* 188 U. S. 605, 613. Evidence of crime (§ 29) ,is essential to assessment under § 35. It lacks all the ordinary characteristics of a tax, whose primary function ' is to provide for the support of the government,' and clearly involves the idea of punishment for infraction of the law—the definite function of a penalty. *O'Sullivan* v. *Felix,* 233 U. S. 318, 324."

Again, after the effective date of the Eighteenth Amendment, a collector of internal revenue levied under § 600(a) of the Revenue Act of 1918 a " so-called assessment or tax at the rate of $6.40 per gallon " on distilled liquors withdrawn from bonded warehouses between October, 1918 and June, 1920. This court reiterated what it had said in *Lipke* v. *Lederer,* and held that the sums so imposed were penalties, not taxes. *Regal Drug Co.* v. *Wardell, supra,* 389, 392. The exaction of $6.40 per gallon there claimed included the $2.20 per gallon for which the automobile in this case is held subject to confiscation.

Section 5 of the Willis-Campbell Act of November 23, 1921, c. 134, 42 Stat. 222, 223, is also relied on. The purpose of that section is clear when regard is had to the scope of the Act of which it is a part. That is " An Act Supplemental to the National Prohibition Act." It was passed to aid enforcement of prohibition and not to raise revenue. It authorizes and purports to regulate the prescribing of liquors for medicinal purposes; prohibits importation and manufacture until the supply then in dis-

tilleries, and other bonded warehouses shall be reduced to an amount not sufficient for nonbeverage purposes; permits spirits produced in this country and exported to be returned for redeposit in bonded warehouses from which originally taken; extends the National Prohibition Act to all the territory of the United States, and makes all violators liable to the penalties provided for in the original Act.

The words upon which the majority relies are these: "That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this Act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other. All taxes and tax penalties provided for in § 35 of Title II of the National Prohibition Act shall be assessed and collected in the same manner and by the same procedure as other taxes on the manufacture of or traffic in liquor." Then follows a provision exempting from taxation spirits lost by theft from distilleries or other bonded warehouses without negligence or collusion, and the Act provides punishment for certain misconduct of government enforcement officers and others.

That Act does not make a "tax" out of what was, before its passage, a "penalty." It does not change the classification of exactions declared in *Lipke* v. *Lederer* and *Regal Drug Co.* v. *Wardell*. The Constitution forbids, and the National Prohibition Act denounces as crime, the manufacture, sale and transportation of intoxicating liquor for beverage purposes. The exactions in respect

of such liquor were properly to be considered to enforce prohibition and to punish violations of law. The Willis-Campbell Act expressly saved all measures for enforcement. The exaction still depends on the commission of crime. The Government's argument that the total charge of $6.40 per gallon is to be divided, so that $4.20 of that amount may be regarded as penalty aimed at beverage liquor and $2.20 as a tax imposed on all liquor, is without support in the language used, and is contrary to the decisions of this court. It was beverage liquor that Killian had in the automobile. The nonbeverage rate does not apply.

2. There is direct conflict between § 26 and § 3450 in respect of the disposition of vehicles seized: The facts disclosed by the record bring the case under § 26.

Section 3450 relates to all *goods and commodities* on which *taxes* are imposed. And it provides that whenever any such things "are removed, or are deposited or concealed in any place, *with intent to defraud the United States of such tax* . . . all such goods and commodities . . . shall be forfeited; and in every such case . . . every . . . carriage or other conveyance whatsoever . . . and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

Section 26 of the National Prohibition Act lays down the course to be followed by the enforcing officers. They are given no discretion. It provides: "When the commissioner, his assistants, inspectors, or any officer of the law, shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any . . . automobile . . . or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle . . . and shall arrest any person in charge

thereof. Such officer shall *at once* proceed against the person arrested *under the provisions of this title* . . . but the said vehicle . . . shall be returned to the owner" upon giving a bond conditioned to return the vehicle to the officer on the day of the trial to abide the judgment of the court. Upon conviction of the person arrested the court is required to order the liquor destroyed, "and unless good cause to the contrary is shown by the owner, shall order a sale by public auction" of the vehicle, and the officer making the sale, after deducting expenses, the fee for seizure and costs of sale shall pay all liens according to their priorities which are established at the hearing "as being *bona fide* and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury. . . ." All liens are transferred from the property to the proceeds. If no one shall be found claiming the vehicle notice by publication is required. "And if no claimant shall appear within ten days . . . the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the Treasury. . . ."

Section 3450 forfeits the vehicle of an innocent owner or lienor. Section 26 expressly protects his property. The conflict as to the disposition of the automobile is direct, and that is the matter in controversy.

The great weight of judicial opinion is that illicit whiskey is not subject to a tax as distinguished from a penalty. This is held in the Second, Sixth and Eighth Circuits, and in the Court of Appeals of the District of Columbia. No Circuit Court of Appeals has held directly that such a tax is imposed. And the decisions of the lower courts are overwhelmingly to the effect that § 26, National Prohibition Act and R. S. § 3450 are in direct conflict. It is so held by the Circuit Courts of

Appeals of the Second, Fifth, Sixth and Eighth Circuits, and the Court of Appeals of the District of Columbia. The Ninth Circuit has certified the question here in *Port Gardner Inv. Co.* v. *United States, post,* p. 564.

There is shown in the margin substantially in chronological order the reported decisions, since National Prohibition, in the Circuit Courts of Appeals and District Courts, bearing on the application of § 3450 in respect of intoxicating liquors.[1]

---

[1] *United States* v. *Essex* (N. D. Ga., 1920), 266 Fed. 138. Libel under § 3450. It did not appear that the liquor was for beverage purposes. *Held,* lawful to make non-beverage liquor; United States may elect to proceed under § 3450 or § 26.

*United States* v. *Haynes* (S. D. Fla., 1920), 268 Fed. 1003. *Held,* § 26 covers every case of illegal transportation of liquor, and § 3450 inconsistent with it. *Affirmed,* 1921, by C. C. A., 5th Cir., 274 Fed. 926.

*Reed* v. *Thurmond* (C. C. A., 4th Cir., 1920); 269 Fed. 252, reversing conviction in W. D. S. Car., under R. S. § 3296, removing distilled liquor from warehouse without paying tax. *Held,* National Prohibition Act inconsistent with scheme of revenue protection embodied in Revised Statutes.

*Ketchum* v. *United States* (C. C. A., 8th Cir., 1921), 270 Fed. 416, reversing E. D. Ark. Indictment and conviction under R. S. §§ 3242, 3257, 3260, and 3279, all relating to distilling. *Held,* provisions directed to secure revenue from manufacture and sale of intoxicating liquors inconsistent with and repealed by law absolutely prohibiting such manufacture and sale.

*United States* v. *Cole* (Mont., 1921), 273 Fed. 934. Demurrer to libel under § 3450 overruled. *Held,* § 26, National Prohibition Act, not inconsistent with it. Assumed taxability and dealt only with the remedy.

*The Tuscan* (S. D. Ala., 1921), 276 Fed. 55. Libel of vessel under § 3450 sustained on ground taxes were still imposed.

*Payne* v. *United States* (C. C. A., 5th Cir., 1922), 279 Fed. 112, affirming N. D. Ga. Libel under § 3450 sustained. Transportation occurred in January, 1920, a few days after National Prohibition Act took effect; nothing to indicate spirits were not in existence then and subject to tax. *Held,* § 3450 is not repealed, but is superseded only where facts of particular case show matters charged to violate it arise solely under National Prohibition Act as in *Haynes* case, *supra.*

3. The opinion proceeds on the theory that transportation of whiskey in the automobile is not shown outside the claim of the Garth Motor Company. And it is held

---

*Reo Company* v. *Stern* (N. D. Ga., 1922), 279 Fed. 422. Suit by vendor under conditional sale contract to recover car forfeited under § 3450 and sold to defendant. Subsequently, drivers convicted under National Prohibition Act for transporting. Court directed verdict for defendant. *Held,* § 3450 repealed so far as transporting was concerned, but still effective for deposit and concealment; presumption of validity of judgment not overcome.

*Lewis* v. *United States* (C. C. A., 6th Cir., 1922), 280 Fed. 5, reversing judgment of forfeiture under § 3450, in E. D. Tenn. *Held,* § 3450 repealed to extent of inconsistency with National Prohibition Act. Taxes on liquor no longer payable and hence there can be no intent to defraud in not paying them.

*United States* v. *Buick* (Mont., 1922), 280 Fed. 517. Libel under § 3450 sustained. Earlier opinion in *United States* v. *Cole,* 273 Fed. 934, *held* strengthened by Willis-Campbell Act.

*United States* v. *Packard* (E. D. Mich., 1922), 284 Fed. 394. Forfeiture under customs laws. Petition for return granted. *Held,* that forfeiture provisions were without application because National Prohibition Act made importation unlawful. It appeared that driver escaped and no forfeiture could be had under § 26.

*Ford* v. *United States* (C. C. A., 8th Cir., 1922), 284 Fed. 823, reversing E. D. Ark. Judgment of forfeiture under § 3450 reversed. *Held,* § 3450 not applicable (no question of repeal); there is no tax shown to be due United States; § 26 applies.

*McDowell* v. *United States* (C. C. A., 9th Cir., 1923), 286 Fed. 521, reversing D. Mont. *Held,* § 3450 repealed by National Prohibition Act in case of transportation of liquor on which taxes have not been paid.

*Studebaker* v. *United States* (C. C. A., 9th Cir., 1923), 289 Fed. 256, reversing D. Mont. *Per curiam* on authority of *McDowell* case.

*United States* v. *Torres* (Md., 1923), 291 Fed. 138. *Held,* § 3450 not repealed, but after conviction forfeiture proceedings must be under § 26.

*United States* v. *Essex* (Mont., 1923), 291 Fed. 479. Libels under § 3450 sustained. *Held,* if any doubt as to matter, it had been settled by Willis-Campbell Act.

*The Cherokee* (S. D. Tex., 1923), 292 Fed. 212. Libel of vessel under § 3450 for carrying liquor on which tax had not been paid.

that, the dismissal being set aside, hearing on the question whether Killian was transporting the whiskey may be had in the lower court. It seems to me the litigation need not be so delayed, and that the important question

---

*Held,* § 3450 has not been repealed by National Prohibition Act in view of Willis-Campbell Act.

*United States* v. *Cadillac* (E. D. Ill., 1923), 292 Fed. 773. Libel under § 3450 of auto carrying distilled liquor bearing export stamps but not bound for any port. Had no other stamps. *Held,* presumption of intent to defraud United States. § 3450, if repealed, had been restored by Willis-Campbell Act.

*United States* v. *Buick* (S. D. Calif., 1924), 300 Fed. 584. Three libels under § 3450. In two cases, moonshine was being transported within State. In other, whiskey came from Mexico. First two dismissed. *Held,* § 3450 has no application to mere transportation of illicit liquor in violation of National Prohibition Act. Must be fair presumption of intent to defraud United States of tax. But libel as to Mexican whiskey sustained because of intent to defraud of customs duties.

*United States* v. *Ford* (E. D. Tenn., 1924), 1 F. (2d) 654. *Held,* § 3450 not in direct conflict with § 26 and re-enacted by Willis-Campbell Act.

*United States* v. *Bay State Roadster* (Conn., 1924), 2 F. (2d) 616. Libel under § 3450. Motion to dismiss denied. *Held,* that if repealed § 3450 re-enacted by Willis-Campbell Act. It applies only where offense charged is defrauding United States of tax, and not in case of mere transportation. Burden of showing intent to defraud on United States. This burden sustained because allegations of libel were admitted by motion.

*United States* v. *Ford* (W. D. Tenn., 1924), 2 F. (2d) 882. Libel under § 3450 sustained. Auto found abandoned containing non-taxpaid liquor. *Held,* § 3450 re-enacted by Willis-Campbell Act.

*United States* v. *Ford Coupe* (W. D. La., 1924), 3 F. (2d) 64. Libel under § 3450 sustained. Man arrested on road for transporting. *Held,* whatever basis for holding § 3450 repealed removed by Willis-Campbell Act.

*United States* v. *White Truck* (W. D. Wash., 1925), 4 F. (2d) 413. Decree of forfeiture under § 3450 of car containing imported liquors. *Held,* § 3450 re-enacted by Willis-Campbell Act.

*United States* v. *Garth Motor Co.* (C. C. A., 5th Cir., 1925), 4 F. (2d) 528, affirming N. D. Ala. No. 115—this case.

pressing for decision should be decided now. It is true that the allegations of the company's claim are not to be considered on the motion to quash the libel; but, quite

*United States* v. *Chevrolet* (W. D. Wash., 1925), 4 F. (2d) 612. Libel under § 3450 of truck containing whiskey run over border. Driver and others indicted for conspiracy to violate National Prohibition Act. Decree of forfeiture. *Held,* § 3450 applies when taxes are due and unpaid as on illegally imported liquors. Case not affected by indictment; car is held for different offense.

*United States* v. *Mack* (C. C. A., 2d Cir., 1925), 4 F. (2d) 923, affirming S. D. N. Y. Dismissed libel under § 3062 (condemning vessel containing illegally imported merchandise). Offense was in April, 1921. *Held,* that section not then in force. Carriage of illegally imported liquors is within the terms of § 3062 and § 26, so later and milder provision prevails.

*Commercial Credit Co.* v. *United States* (C. C. A., 6th Cir., 1925), 5 F. (2d) 1, reversing N. D. Ohio. Libel under § 3450. Car used for removal of liquor. Seizure under § 26 and those in charge convicted thereunder. Forfeiture reversed. *Held,* there is direct conflict. Liquor not subject to tax, for § 600 does not apply, and § 35 forbids issuance of stamps. § 3450, repealed by inconsistency with National Prohibition Act; not within terms of Willis-Campbell Act. § 26 protects property of innocent owners; § 3450 forfeits it, and this is a conflict.

*United States* v. *Marmon* (N. D. Ga., 1925), 5 F. (2d) 113. Judgment of forfeiture under § 3450. *Held,* United States must show specific intent to defraud; that is done by showing anyone has possession of liquor on which no tax has been paid, and has no intention of paying it.

*United States* v. *Milstone* (Ct. App. D. C., 1925), 6 F. (2d) 481, affirming Municipal Court, D. C. Dismissal of libel under § 3450 affirmed. Car containing moonshine abandoned by driver who was not apprehended. Seized "on behalf of" collector of internal revenue. *Held,* § 3450 has no application. No tax can be paid on such liquor, for issuance of stamps forbidden. Failure to pay tax mere incident of illegal possession and transportation, unlawful in any event. Unless two statutes distinguished, § 26 dead letter.

*United States* v. *Deutsch* (N. J.), 8 F. (2d) 54. Deutsch convicted of violation of National Prohibition Act. Owner of car in which he was transporting, and which he had rented, gave bond for its release and moves to discharge bond. Granted. *Held,* § 26 and

independently of the company's allegations, the court would be-fully warranted in holding that Killian was found offending against § 26.  The Government does not

---

not § 3450 applies; owner of auto being innocent, there can be no forfeiture.

*United States* v. *Ford.* (Tenn., 1925).  Not reported.  Libel under § 3450 dismissed.

*National Bond & Investment Co.* v. *United States* (C. C. A., 7th Cir., 1925), 8 F. (2d) 942, reversing E. D. Ill.  Libel under § 3450 of car seized in 1924 for transporting.  Driver pleaded guilty to violation of National Prohibition Act.  Libel set forth that liquor came from Canada and was brought in without payment of customs duties.  No averment this car brought it in.  Decree of forfeiture reversed.  *Held,* since passage of Willis-Campbell Act, it cannot be held that § 3450 was repealed by National Prohibition Act.  Must show intent to defraud by establishing that car was used in smuggling; no such averment here.

*United States* v. *Reo* (C. C. A., 2d Cir., 1925), 9 F. (2d) 529, affirming E. D. N. Y.  Two libels of auto truck.  One under § 26, for transportation of whiskey without permit; other under § 3450 charging removal and concealment to avoid tax.  Truck stopped on Long Island carrying whiskey.  No conviction of driver; *bona fide* claimant.  District Court dismissed both libels.  *Held,* when vehicle is used in transporting, conviction of offender is essential to its forfeiture, at least when there is *bona fide* lienor.  Under such circumstances, direct conflict between § 26 and § 3450, and latter does not apply at all.  No decision as to whether same is true, if there be no such lien.

*United States* v. *Chevrolet* (E. D. Mo., 1925), 9 F. (2d) 85.  Libel under § 3450 dismissed.  Driver arrested while transporting illicit liquor; not yet tried.  *Held,* no tax, as distinguished from penalty, on manufacture of illicit liquor; on these facts irreconcilable conflict between § 3450 and § 26, and latter applies.

*United States* v. *Three Quarts Whiskey* (S. D. N. Y., 1925), 9 F. (2d) 208.  Libel of automobile under § 3450 dismissed, on ground that § 26 had superseded § 3450.

Compare *The Ella* (S. D. Fla., 1925), 9 F. (2d) 411; *United States* v. *Lincoln* (N. D. N. Y., 1925), 11 F. (2d) 551; *The Squanto* (C. C. A., 2d Cir., 1926), 13 F. (2d) 548; *United States* v. *Chevrolet* (W. D. Wash., 1926), 13 F. (2d) 948; *Weeke* v. *United States* (C. C. A., 8th Cir., 1926), 14 F. (2d) 398.

here contend that he was not taken while violating that section; it does not attempt to avoid decision on the merits.  On the other hand it urges that, where one is taken in the act of transporting whiskey in the automobile of another, the vehicle may be forfeited, notwithstanding the owner appears and shows that he was innocent.  It insists that, in case of conviction of the driver for transportation, the interest of the guilty may be forfeited; and, if the tax is not paid on the illicit beverage, the interest of the innocent owner may be confiscated.  The claimant challenges that position squarely.

The information filed by the United States, September 18, 1923, states that this is a " case of seizure on land under the internal revenue laws of the United States"; there is attached and made a part of the information an affidavit and sworn complaint by R. A. Smith, a federal prohibition agent, which charges that Killian on or about August 11, 1923, unlawfully had in his possession 27 quarts of whiskey for beverage purposes, otherwise than as authorized by the National Prohibition Act.  And the information alleges that Edgar N. Read, acting prohibition director, seized the automobile described " which said automobile was then and there in the possession of one Ed L. Killian and being used by him for the purpose of depositing and concealing" the 27 quarts of whiskey; that the automobile was said to belong to the Garth Motor Company, and that Read "now has the same in his custody."  It states that the automobile was being used by Killian with intent to defraud the United States of taxes on the whiskey, and the automobile "then and there contained" the whiskey.

The information—with apparent purpose—avoids the use of the word " removal " found in § 3450; it does not allege that the whiskey had been " withdrawn," and so was subject to the $2.20 tax specified in § 600 (a); and it also avoids the word " transporting " used in § 26.  It

does not show whether the automobile was moving or standing still when discovered and seized by the prohibition officers. If transportation in the automobile had been alleged, the owner would have opportunity to show his innocence under § 26. The purpose of the pleader in avoiding the use of the word "transporting" was to forfeit the automobile of an innocent owner on the theory that § 3450 would then apply, and that § 26 need not be followed.

When the information was filed, the court issued a writ of attachment, commanding the marshal to attach the automobile "which is now being held by Edgar N. Read, acting prohibition director," to detain it until the further order of the court and to give notice to the claimant. The marshal made his return that he had executed the writ by handing a copy to Acting Director Read and by seizing the automobile. December 6, 1923, the claimant filed a motion to quash the libel. April 14, 1924, it filed its claim, alleging that the title to the automobile which was seized while being used by Killian "in and about the unlawful transportation of intoxicating liquors" was in the company, subject to a conditional sales contract, and gave the bond provided for in § 26, which was approved by the district judge. The motion to quash was sustained and the libel was dismissed. The district judge filed no opinion. The Circuit Court of Appeals affirmed the judgment. 4 F. (2d) 528. In its opinion that court said: "The position now taken by the government in this case is that the interest of an innocent owner or lienholder may be forfeited if the automobile is standing still, but that such interest is protected if the automobile is in motion. That view could easily result in manifest injustice; for under it, as an illustration, the interest of an innocent holder of a lien on an automobile could be forfeited upon proof that while it was parked on a public street liquor was concealed in it

by some one who had the intent to defraud the government of its internal revenue tax." And the court held that § 3450 is superseded by § 26 in so far as there is conflict between them. It dealt with the case as one involving a violation of § 26.

I think that court's interpretation of the record was right. The prohibition agent discovered Killian in possession of an automobile containing 27 quarts of illicit whiskey in violation of the National Prohibition Act. The agent seized the vehicle; and, as it was his duty so to do, it must be found that he also seized the whiskey. The prosecution of Killian was commenced by filing complaint charging him with the crime of *illegal possession* in violation of that Act. The facts stated make out " transportation." The use of automobiles for transportation of, and in the furtherance of traffic in, intoxicating liquors for beverage purposes is so notorious that, when Killian was found unlawfully possessing illicit whiskey in the automobile, he reasonably may be held to have been transporting, even though the vehicle happened to be standing still at the moment the prohibition agent discovered the crime and made the seizure. The facts alleged in the libel and complaint attached to it justify a finding that he was using the automobile for transportation of the whiskey. On proof of such facts, a denial of transportation by Killian would not be entitled to respectful attention. Moreover, when these facts are considered in the light of what everyone knows, they utterly fail to support the allegation that Killian had the illicit whiskey concealed in the automobile *with intent to defraud the United States of a tax on that whiskey*. Indeed, the facts alleged negative that purpose. The attempt to make out a case against the revenues has no foundation in fact. It was impossible to pay the so-called tax. Crime had to be committed before liability for the imposition arose. Taxes are not so conditioned.

I am of opinion that the decree should be affirmed:

1.  Section 3450 does not apply.  There was no tax, as distinguished from penalty, imposed upon the whiskey that Killian had in the automobile when discovered by the prohibition agent.

2.  Section 26 directs the proceedings to be taken in respect of the vehicle "whenever intoxicating liquors transported or possessed illegally shall be seized by an officer."  The libel brings the case within the words and meaning of the clause just quoted.

I am authorized to say that MR. JUSTICE McREYNOLDS and MR. JUSTICE SUTHERLAND concur in this opinion.