## UNITED STATES v. ONE 1929 PIERCE ARROW SEDAN.
### No. 5205.

District Court, D. Massachusetts.
Oct. 10, 1934.

Francis J. W. Ford, U. S. Atty., and Charles W. Bartlett, Asst. U. S. Atty., both of Boston, Mass.

Michael Carchia, of Boston, Mass., for claimant.

McLELLAN, District Judge.

The parties having waived trial by jury, this libel for the forfeiture of an automobile was heard this afternoon upon a written agreed statement of facts, which follows:

"On December 12, 1933, Officers DeAngelo and Henneberry, attached to the Prohibition Unit of the Department of Justice, were, as a result of information received and previous personal observation, watching the dwelling of the claimant at a distance of about sixty feet. The officers saw the claimant placing a carton package in the automobile in question, which was stopped in the driveway. The carton package looked similar to cartons which, in their experience, would contain alcohol, and was similar to packages that they had seen being handled at that address on previous occasions. The claimant backed out of the driveway and the officers followed for about a mile, when they approached and stopped the claimant's car, opened the door and on the floor of the car found a carton containing a five-gallon can of alcohol, with no Internal Revenue stamps affixed thereon, of the presence of which can and the absence of which stamps the said claimant was cognizant. They placed the claimant under arrest for violation of the Internal Revenue Law. The officers were without a warrant of search at the time.

"These facts in substantially this form were submitted by agreement between counsel at the hearing on the motion to suppress the evidence and motion to quash the indictment. On May 17, 1934, Judge Letts allowed the motion to suppress the evidence."[1]

It was agreed orally that on December 12, 1933, prohibition had ceased and the officers had not then been assigned to the Department of Internal Revenue.

It is settled that in a forfeiture proceeding the fact that the officers were unauthorized does not warrant the denial of a decree for the libelant. The United States may adopt the seizure, though originally it was unauthorized. United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

If this were true as applied to an indictment, there would be nothing for me to do, as I view the matter, except to follow Judge Letts' decision on the motion to suppress evidence; but his decision on that motion is as consistent with the single conclusion that the officers were unauthorized as with the view that the search and seizure were otherwise illegal.

The determination of the case depends upon whether the officers had reasonable or probable cause for believing that the automobile contained contraband liquor. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 287, 69 L. Ed. 543, 39 A. L. R. 790. I am of the opinion that seeing a carton package in an automobile which looked similar to cartons which in the experience of the officers would contain liquor and was similar to packages that they had seen handled at the address in question, plus the fact that, for aught that appears to the contrary, without seeing the officers, the claimant drove away, while it may give rise to suspicion, does not constitute such probable cause.

The Carroll Case, supra, does not require a contrary conclusion. There, the officers, while patrolling a highway much used in the illegal transportation of liquor, stopped and searched an automobile upon the faith of information previously obtained by them that the car and its occupants, identified by the officers, were engaged in illegal liquor traffic. As stated in the opinion: " * * * They (the officers) knew or had convincing evidence to make them believe that the Carroll boys, as they called them, were so-called 'bootleggers' in Grand Rapids; i. e., that they were engaged in plying the unlawful trade of selling such liquor in that city. The officers had soon after noted their going from Grand Rapids half way to Detroit, and attempted to follow them to that city to see where they went, but they escaped observation. Two months later these officers suddenly met the same men on their way westward presumably from Detroit. The partners in the original combination to sell liquor in Grand Rapids were together in the same automobile they had been in the night

---

[1] No opinion filed.

when they tried to furnish the whisky to the officers, which was thus identified as part of the firm equipment. They were coming from the direction of the great source of supply for their stock to Grand Rapids, where they plied their trade. That the officers, when they saw the defendants, believed that they were carrying liquor, we can have no doubt, and we think it is equally clear that they had reasonable cause for thinking so. ‹ ❋ ❋ ››"

Let a decree be entered for the return of the automobile to the claimant, and dismissing the libel without costs to either party.