### UNITED STATES v. ONE LARRABEE 5-TON RACK TRUCK.

District Court, E. D. New York.
Jan. 25, 1936.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., for libelant.

Louis Aldino, of Brooklyn, N. Y., for claimant.

BYERS, District Judge.

This is a forfeiture proceeding by libel under section 3450 of the Revised Statutes (26 U.S.C. § 1441, 26 U.S.C.A. § 1441).

For the libellant, it was proved that the truck described in the title was found in a garage located at 275 Scholes street, Brooklyn, in this district, on June 19, 1935, containing several drums of molasses and in the rear portion of the truck, which is said to have given off the odor of alcohol, and under a canvas cover, four or five-gallon cans containing alcohol fit for beverage purposes, and the cans contained no stamps indicating the payment of internal revenue tax. The truck bore no license plates for the year 1935, and was found in the rear of the garage, which is about one hundred feet deep, near the rear wall of the building.

There were several other cars in the place, which is a public garage.

The seizure took place around the middle of the day, and the agent said that he entered the garage in response to information that it was being used in connection with the handling of non tax-paid liquors.

The claimant is Anthony Giarraputo, who testified on his own behalf that he manages the garage for his mother, who owns the property and the business of conducting the garage; that the truck is his property, and he was keeping it in the garage on dead storage because he had no use for it during the year 1935; that he knew nothing about the molasses or the alcohol, and was in no way responsible for the presence of either upon the truck.

He accounted for what the agent discovered by stating that he was told by the night man, who operated the garage in his absence, that on the night before the seizure some one had entered the premises, stating that he was a friend of the claimant and that his truck had broken down somewhere in the neighborhood, and that he required the use of the claimant's Oldsmobile coupé and a towing rope in order to tow his own brokendown car to the garage for repairs, and that the night man acceded to this request without communicating with the claimant, who was presumably then next door in his own home.

Apparently the claimant wishes the court to believe that the Oldsmobile coupé was used by this unnamed stranger for some purpose connected with the alleged accident to the other motor vehicle, although there was no evidence offered to the effect that the latter vehicle was towed to the claimant's garage or repaired there; nor was the night man called as a witness; nor was any other effort made to corroborate the claimant's recital.

Although the cause was noticed for trial in the common law part of the court, a jury was waived by both sides and consequently it is necessary for the court to make a finding of the facts.

It should be said that the Oldsmobile coupé was also found in the garage by the agent, and that it likewise contained nine five-gallon cans of alcohol, the containers of which bore no stamps, and that, when the claimant for the truck appeared on the scene as above stated, he told the agent that he was about to drive his Oldsmobile coupé out of the garage for an undisclosed destination. At that time he was arrested, and criminal proceedings against him were instituted, which have not yet come to trial.

The foregoing narrative has not convinced the court that the testimony of the claimant should be accepted, and consequently the decision of the cause cannot proceed upon the theory that the facts have been established as the claimant related them. In the absence of proof that the truck "passed out of the individual hands of the owner without any voluntary action on his part and without his consent, and that, in addition, he must have had no knowledge or ground to believe that the property was used, or to be used, in the commission of an offense" (U. S. v. One Dodge Truck [D.C.] 9 F.Supp. 157, 160) it is concluded that the government is entitled to a decree of forfeiture (U. S. v. One Ford Coupé Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025).

Settle decree.