Van Voorhis, J.
(dissenting). Unless money or other property is contraband as defined by statute, I think that it may not be seized and confiscated. Appellant is a professional photog *189 rapher. He was fined $50, having pleaded guilty to the commission of a misdemeanor under section 43 of the Penal Law. The charge was outraging public decency by arranging for the photographing by his clients of some women in the nude. In addition to the fine, $149 of defendant’s money was seized by the sheriff, consisting of traveling and other expenses and fees paid to him (at the rate of $10 apiece) by the persons who were to take the pictures. This is a different situation from that presented in Hofferman v. Simmons (290 N. Y. 449) where professional gamblers were denied recovery from the property clerk of the police department of money which had been paid to them as wagers. This court pointed out that under section 994 of the Penal Law, one who has wagered with’a gambler “ never parted with the title to his money ” (People v. Stedeker, 175 N. Y. 57, 62). Consequently it was held that professional gamblers could not replevin money which did not belong to them. The Legislature has provided for forfeiture in definite instances, as in the case of commodities exposed for sale on Sunday (Penal Law, § 2149); lotteries (Penal Law, §§ 1380, 1384); slot machines (PenalLaw, §§ 984-985); usury (Ceneral Business Law, § 373). Such offending property may be forfeited without violating due process, as in the Federal realm in case of vessels engaged in smuggling or of automobiles transporting liquor in violation of law (United States v. One Ford Coupe, 272 U. S. 321). In such instances, the offending article is treated by statute as a public nuisance.
No statute directs the forfeiture of this money belonging to appellant, nor renders his money a nuisance. Its forfeiture cannot be deemed additional punishment, inasmuch as “ It is the legislature, not the court, which is to define a crime, and ordain its punishment ” (Marshall, Ch. J., in United States v. Wiltberger, 5 Wheat. [U. S.] 76, 95; Morgan v. Devine, 237 H. S. 632, 641). Yet that is the effect of what has occurred. The forfeiture of appellant’s $149 augments his fine of $50, with the consequence that he has, in effect, been fined $50 by the magistrate and $149 by the sheriff for the same offense. In my view, the confiscation of this sum of $149 belonging to appellant constitutes deprivation of property without due process of law under the Fourteenth Amendment to the Constitution of the United States, and section 6 of article I of the New York State Constitution.
*190 The judgment appealed from should he reversed and judgment granted in appellant’s favor in the sum of $149.
Conway, Ch. J., Dye, Fuld, Froessel and Burke, JJ., concur with Desmond, J.; Van Voorhis, J., dissents in an opinion.
Judgment affirmed.